UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JENNIFER WOMAC, | ) |
| | ) |
| Petitioner, | ) |
| | ) No.: 1:19-cv-00079 |
| v. | ) REEVES/LEE |
| | ) |
| GLORIA GROSS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 11] and a memorandum in support thereof [Doc. 12], as well as the state court record [Doc. 10]. Petitioner filed a response in opposition to the motion to dismiss [Doc. 14]. For the reasons set forth below, Respondent's motion to dismiss the petition as time-barred [Doc. 11] will be **GRANTED** and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY

On February 2, 2012, Petitioner pled guilty to one count of second-degree murder [Doc. 10-1 p. 36–45]. Petitioner did not appeal this conviction.

On January 25, 2013, Petitioner placed a pro se petition for post-conviction relief in the state court in the hands of prison authorities for filing [*Id.* at 10] and the state court received it on January 28, 2013 [*Id.* at 4]. On March 9, 2017, the post-conviction court entered an order denying Petitioner relief and dismissing the petition [*Id.* at 77–90]. On July 2, 2018, the Tennessee Court of Criminal Appeals affirmed the post-conviction court's denial of relief to Petitioner, and on November 15, 2018, the Tennessee Supreme Court denied Petitioner's application for permission

to appeal.  *Womac v. State of Tennessee*, No. E2017-00660-CCA-R3-PC, 2018 WL 3217733 (Tenn. Crim. App. July 2, 2018), *perm. app. denied* (Tenn. Nov. 15, 2018).

On February 21, 2019, Petitioner filed the instant § 2254 petition [Doc. 1 p. 16].

**II.     ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus.  The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)     the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1).  The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however.  28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's conviction became final on March 5, 2012,[1] the day on which Petitioner's time to file an appeal of the judgment against her expired.  *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired).  Thus, the

---

[1] Under Rule 6.01 of the Tennessee Rules of Civil Procedure, the day of the event "after which the designated time period begins to run" is excluded from the computation of that period of time.  Thus, Petitioner had thirty days from February 3, 2012, to file a notice of appeal of her conviction.  As thirty days from February 3, 2012, was Sunday, March 4, 2012, due to 2012 being a leap year, however, Petitioner had until Monday, March 5, 2012, to file her appeal.  Tenn. R. Civ. P. 6.01 (providing that the last day of the period is included unless it is a Sunday (or other specified days), in which case the period runs until the end of the next day).

2

AEDPA statute of limitations clock began to run on March 6, 2012, and ran for three-hundred and twenty-five days until it paused on January 25, 2013, the day on which Petitioner placed her post-conviction petition in the hands of prison officials for filing.[2] The clock remained paused until November 16, 2018, the day after the Tennessee Supreme Court denied Petitioner's application for discretionary appeal, at which point it began to run again. *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. 2011) (providing that the AEDPA "clock began to run again" after the Tennessee Supreme Court declined jurisdiction over a habeas petitioner's post-conviction appeal). The clock expired forty days later, on Wednesday, December 26, 2018.

Accordingly, Petitioner's § 2254 petition, which she filed on February 21, 2019, is untimely. The AEDPA statute of limitations is not jurisdictional, however, and is subject to

---

[2] Respondent asserts that the AEDPA clock paused on January 25, 2013, the date on which Petitioner placed her state court pro se petition for post-conviction relief in the hands of prison authorities for filing, presumably based on the assertion that Tennessee Supreme Court Rule 28, Section (2)(G) adopted the mailbox rule for post-conviction filings from incarcerated pro se prisoners. Petitioner has not disputed this assertion.

While the language of Tennessee Supreme Court Rule 28, Section (2)(G) is at least arguably unclear regarding the date on which papers that an incarcerated pro se petitioner timely files are deemed filed, it appears likely that Tennessee intended to adopt the prisoner mailbox rule through this rule. *See Paul v. State*, 75 S.W.3d 926, 928–29 (Tenn. Crim. App. 2001) (relying on "persuasive language" of *Houston v. Lack* to find that incarcerated prisoner's act of providing jail officials with his pro se petition for post-conviction relief prior to the expiration of statute of limitations established that he had timely filed the petition under Tennessee Supreme Court Rule 28, Section (2)(G) even though the petition was incorrectly addressed and therefore returned to Petitioner, who immediately resent the petition to the proper address).

The Court therefore accepts Respondent's assertion that the AEDPA clock paused on the date on which Petitioner provided prison authorities with her pro se petition for post-conviction relief for purposes of calculating the date on which the AEDPA statute of limitations ran for Petitioner's § 2254 petition, as the three day discrepancy between the date on which Petitioner placed her pro se petition for post-conviction relief in the hands of prison authorities and the date on which the state court received it is not material to the Court's determination that Petitioner's § 2254 petition is time-barred.

equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that she has diligently pursued her rights, but an extraordinary circumstance prevented her from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that she is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In her response to the motion to dismiss, Petitioner states that she "calculated 249 days between the denial of her post-conviction [petition] until the filing of her T.R.A.P. Rule 11 Application to Appeal" and that she had no control over the progression of her state post-conviction proceeding [Doc. 14]. As set forth above, however, the Court has not counted any of the days during which Petitioner's petition for post-conviction relief was pending in the state court in its application of the one-year AEDPA statute of limitations to Petitioner's § 2254 petition.

Further, to the extent that Petitioner argues that she is entitled to equitable tolling for her § 2254 petition because she mistakenly calculated the AEDPA statute of limitations and/or did not have knowledge of the AEDPA statute of limitations, she is not entitled to equitable tolling on these grounds. *See Taylor v. Palmer*, 623 Fed. App'x 783, 789 (6th Cir. 2015) (holding that "it is well-established that a mistaken belief in calculating the statute of limitations does not constitute an extraordinary circumstance sufficient to warrant equitable tolling"); *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling").

Accordingly, Petitioner has failed to establish that she is entitled to equitable tolling of the statute of limitations, her § 2254 petition is time-barred, and this action will be **DISMISSED**.

## III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 11] will be **GRANTED**;

2. A COA will not issue; and

3. This action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**